**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ROBERT D. DAVIDSON,
        Appellant,

    v.

DEPARTMENT OF
    TRANSPORTATION,
        Agency.

DOCKET NUMBER
AT-0752-23-0485-I-1

DATE: November 24, 2025

# THIS ORDER IS NONPRECEDENTIAL[1]

Georgia Lawrence, Esquire, and Shaun C. Southworth, Esquire, Atlanta,
    Georgia, for the appellant.

Robert Espy, Esquire, College Park, Georgia, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**REMAND ORDER**

The agency has filed a petition for review and the appellant has filed a
cross petition for review of the initial decision, which reversed the appellant's
21-day suspension based on a finding of age discrimination. For the reasons

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

discussed below, we GRANT the agency's petition for review and DENY the appellant's cross petition for review. We AFFIRM the administrative judge's findings regarding the agency's charges, disability discrimination, and whistleblower reprisal, VACATE the administrative judge's findings regarding age discrimination, and REMAND the appeal for further adjudication.

## BACKGROUND

The appellant holds the position of Aviation Safety Inspector, with the agency's Federal Aviation Administration (FAA). Initial Appeal File (IAF), Tab 14 at 5. At the times most relevant to this appeal, his first-level supervisor was the Air Worthiness Front Line Manager. IAF, Tab 40, Hearing Transcript (HT), at 10, 87. His second-level supervisor was the Office Manager. *Id*. at 7-8. In April 2023, the agency proposed his 21-day suspension. IAF, Tab 14 at 5-10. The agency's charges included (1) conduct unbecoming an Aviation Safety Inspector, (2) failure to follow instructions, (3) negligent work performance, and (4) lack of candor. *Id*. at 5-7. After the appellant responded, IAF, Tab 18 at 5-27, the agency issued a June 2023 decision, sustaining all the charges and specifications, as well as the 21-day suspension, IAF, Tab 13 at 15-23.

The appellant timely filed the instant appeal and raised affirmative defenses of age discrimination, disability discrimination, and whistleblower reprisal. IAF, Tab 1, Tab 33 at 2. The administrative judge developed the record and held the requested hearing before issuing an initial decision. *E.g.*, IAF, Tab 39, Initial Decision (ID); HT. He first found that the agency proved charge 1, ID at 3-5, charge 3, ID at 6-8, and charge 4, ID at 8-11, but not charge 2, ID at 5-6. Next, the administrative judge found that the appellant prevailed on his claim of age discrimination, ID at 11-16, but did not prove disability discrimination, ID at 16-17, or whistleblower reprisal, ID at 17-18. Based on his finding of age discrimination, the administrative judge ordered the agency to cancel the 21-day suspension and retroactively restore the appellant. ID at 19.

The agency filed a petition for review. Petition for Review (PFR) File, Tab 1. Within, the agency argues that the appellant did not prove that age was a motivating factor in the suspension action. *Id.* at 10-18. The agency further argues that, even if the appellant did prove that age was a motivating factor, the agency proved that it would have taken the same suspension action in the absence of the discrimination. *Id.* at 18-19.[2]

The appellant filed a response and cross petition for review. PFR File, Tab 3. Within, he argues that the administrative judge made correct findings regarding age discrimination, *id.* at 8-17, but erred in sustaining any of the charges, *id.* at 17-19. He does not reassert the disability discrimination or whistleblower reprisal claims. The agency filed a response to the cross petition. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant has not shown that the administrative judge erred in sustaining charges 1, 3, and 4.</u>

To recall, the administrative judge found that the agency proved charge 1, conduct unbecoming an Aviation Safety Inspector, ID at 3-5, charge 3, negligent work performance, ID at 6-8, and charge 4, lack of candor, ID at 8-11. He found that the agency did not prove charge 2, failure to follow instructions, ID at 5-6, and the agency has not contested that finding.

Broadly speaking, the conduct unbecoming an Aviation Safety Inspector charge alleged that the appellant altered an "Air Agency Certificate" after his second-level supervisor signed it, without notifying him of the alteration. IAF, Tab 14 at 5. Meanwhile, the negligent work performance charge generally alleged that the appellant violated agency policy by authorizing a replacement "Airworthiness Certificate" for his longtime friend or acquaintance without their

---

[2] Attached to the agency's petition is a hearing transcript. PFR File, Tab 1 at 22-274. In this decision, we will cite the transcript from the record below, rather than the copy attached to the agency's petition.

signed request for the same and despite agency records indicating that the individual did not own the aircraft at issue. *Id.* at 6-7. Finally, the last charge generally alleged that the appellant lacked candor when responding to questions about the lack of a signed request for the airworthiness certificate and his verification of ownership of the aircraft at issue. *Id.* at 7.

In his cross petition for review, the appellant broadly asserts that the administrative judge should not have sustained any of the charges, but he has not identified any evidentiary or legal support for this assertion. PFR File, Tab 3 at 17-19. To illustrate, the appellant argues that he had no "deceptive intent" regarding the events underlying the conduct unbecoming an Aviation Safety Inspector charge. *Id.* at 17. He further argues that his actions do not rise to the level of being unattractive or unsuitable. *Id.* Regarding the replacement airworthiness certificate, the appellant describes his actions and suggests they were all done in good faith and with an honest belief about the owner of the aircraft at issue. *Id.* at 17-18. He also suggests that his responses underlying the agency's lack of candor charge might reflect forgetfulness but do not amount to deceit worthy of discipline. *Id.* at 18-19.

The Board's regulations require that a petition for review be supported by references to applicable laws or regulations and by specific references to the record. 5 C.F.R. § 1201.114(b). Statements of a party's representative in a pleading, such as those here, do not constitute evidence. *Hendricks v. Department of the Navy*, 69 M.S.P.R. 163, 168 (1995). Thus, the appellant's general arguments and statements on review about the sustained charges do not provide us with any reason to disturb the administrative judge's well-reasoned findings about those charges.

Remand is required for further analysis of the appellant's age discrimination claim.

An appellant may prove a claim of age discrimination by showing that age discrimination "play[ed] any part in the way a decision [was] made." *Pridgen v.*

*Office of Personnel Management*, 2022 MSPB 31, ¶ 21 (quoting *Babb v. Wilkie*, 589 U.S. 405-06 (2020)). In other words, the statute does not require proof that an employment decision would have turned out differently if age had not been taken into account. *Id.* A finding that prohibited discrimination played "any part" in the contested action is the same as a finding of "motivating factor." *Id.*

But while an appellant who proves motivating factor and nothing more may be entitled to injunctive or other "forward-looking relief," to obtain the full measure of relief available under the statute, including status quo ante relief, compensatory damages, or other forms of relief related to the end result of an employment decision, he "must show that age discrimination was a but-for cause of the employment outcome." *Id.*, ¶ 22 (quoting *Babb*, 589 U.S. at 413-14). The but-for causation standard does not require discrimination to be the sole cause of the contested action, only a necessary one. *Id.*

The administrative judge found that the appellant's age was both a motivating factor and but-for cause of his suspension, so he concluded that the suspension must be reversed. For the reasons that follow, we vacate the administrative judge's findings regarding age discrimination and remand this appeal for further consideration and analysis of that matter.

The administrative judge's discrimination findings are summarized as follows. First, he found that the appellant and two other witnesses credibly testified that the appellant's second-level supervisor commented on the appellant's age approximately three to five times over the course of several years, including a suggestion that the appellant had worked with the Wright brothers and the Flintstones. ID at 12. He recounted witnesses indicating that they believed these comments were intended to undermine the appellant for having asked pointed questions of the supervisor. *Id.* The administrative judge determined that the remarks demonstrated an age-discriminatory attitude. ID at 13.

Next, the administrative judge acknowledged that the appellant's first-level supervisor served as both the proposing and deciding official in the appellant's

removal.  *Id.*  He deemed this unusual and suspect.  *Id.*  The administrative judge acknowledged that the first- and second-level supervisors both testified that the appellant's age had nothing to do with the suspension, but the administrative judge found it inherently improbable, especially because the second-level supervisor had directed the first-level supervisor to hold *Weingarten*[3] meetings about the underlying matters.  *Id.*  The administrative judge also found credible certain hearsay testimony about the second-level supervisor once stating that it would be good if he could get rid of the appellant and another older worker during a managers' meeting.  ID at 14.  He found it likely that the appellant's first-level supervisor was in attendance for the meeting.  *Id.*

The administrative judge ultimately concluded that the second-level supervisor had age-based animus against the appellant, which influenced the first-level supervisor's decisions to propose and then sustain the suspension, thereby satisfying the motivating factor standard.  ID at 14-15.  Turning to the question of but-for causation, the administrative judge simply found that "the agency neither claimed nor produced evidence that" it would have taken the same suspension action in the absence of the discriminatory motive.  ID at 15-16.  Consequently, he determined that the suspension must be reversed.  ID at 16.

On review, the agency first challenges the administrative judge's determination that its use of a single official as both the proposing and deciding official was curious and suspect, especially because the issue was never raised, leaving the agency no reason to establish its normal procedures.  PFR File, Tab 1 at 10-11 (referencing ID at 13).  Had it known that the administrative judge would view its practice negatively, the agency contends that it would have elicited testimony confirming that longstanding agency policy expressly permits

---

[3] In *National Labor Relations Board v. J. Weingarten Inc.*, 420 U.S. 251 (1975), the U.S. Supreme Court held that, under the National Labor Relations Act, an employee has a right to union representation during an investigatory interview when the employee reasonably believes that discipline may result.

one individual serving as both proposing and deciding official and that this is common practice within the FAA. *Id.* at 11-12.

To the agency's point, the Board and the U.S. Court of Appeals for the Federal Circuit have found that it is permissible for an individual to be both the proposing and deciding official in an action. *Robinson v. Department of Veterans Affairs*, 923 F.3d 1004, 1022 (Fed. Cir. 2019); *DeSarno v. Department of Commerce*, 761 F.2d 657, 660 (Fed. Cir. 1985); *Martinez v. Department of Veterans Affairs*, 119 M.S.P.R. 37, ¶ 11 (2012). There is even a precedential Board decision in which the FAA used the same official as the proposing official and deciding official.[4] *Edwards v. Department of Transportation*, 109 M.S.P.R. 579, ¶¶ 8-10 (2008). Accordingly, we disagree with the administrative judge's finding that it was "suspect" for the appellant's first-level supervisor to serve as both the proposing and deciding official.

We are less persuaded, though, by the agency's next argument. It asserts that there was no evidence of the second-level supervisor influencing the first-level supervisor as it pertained to the suspension. PFR File, Tab 1 at 13-14. According to the agency, the administrative judge erred in finding that the second-level supervisor requested that the first-level supervisor hold *Weingarten* meetings about the alleged misconduct, because the evidence reflected otherwise. *Id.*

---

[4] More recently the Board has issued numerous nonprecedential decisions involving adverse actions at the FAA where an appellant's supervisor or some other lone individual served as both the proposing and deciding official. *See, e.g., Dobbins v. Department of Transportation*, MSPB Docket No. CH-0752-18-0471-I-1, Final Order at *2 n.2 (July 5, 2024) (describing an appellant's supervisor as the proposing and deciding official); *Cox v. Department of Transportation*, MSPB Docket No. DA-0752-18-0173-I-2, Final Order, ¶ 4 n.3 (June 18, 2024) (identifying an appellant's supervisor as the proposing and deciding official); *Sinclair v. Department of Transportation*, MSPB Docket No. AT-0752-22-0108-I-1, Final Order, ¶¶ 3, 6 n.3 (June 30, 2023) (indicating that one individual was the proposing and deciding official). While not of precedential value, these decisions demonstrate that what happened in this appeal is neither strange nor suspect.

In the hearing testimony the agency cites, the first- and second-level supervisors did seem to indicate that it was the first-level supervisor's ultimate decision to hold the *Weingarten* meetings. But that testimony also indicates that this was a decision made as the two discussed the matter to determine the next steps, with the second-level supervisor supporting the decision. HT at 94, 125. The testimony further indicated that the second-level supervisor instructed the first-level supervisor to contact the agency's Employee Relations Office to better understand the *Weingarten* process. HT at 32, 49. In addition, we note that the second-level supervisor is the one that alerted the appellant's first-level supervisor of the conduct underlying the conduct unbecoming an Aviation Safety Inspector charge, i.e., the appellant modifying a certificate that was already signed by the second-level supervisor without notifying the second-level supervisor of the modification. HT at 32; IAF, Tab 14 at 5.

In its next argument about the administrative judge's age discrimination findings, the agency challenges his reliance on hearsay testimony. PFR File, Tab 1 at 14-16. As previously mentioned, the administrative judge found credible certain hearsay testimony about the second-level supervisor's statements. ID at 14. According to the administrative judge, one of the appellant's witnesses testified that, according to another agency employee, the second-level supervisor once said that his life would be good if he could get rid of the appellant and another employee, because they had been around a long time, had a lot of knowledge, and could undermine current managers. *Id.* The administrative judge found this credible and found it likely that the first-level supervisor was in attendance, because the statement reportedly occurred during a managers' meeting. *Id.*

The second-level supervisor effectively denied the statement at issue during his own testimony. Under questioning from agency counsel, he denied that he was trying to force the appellant out, denied that age impacted the suspension, and indicated that he was not aware of any past comments by him

about the appellant's age. HT at 52. During cross examination, appellant's counsel asked the second-level supervisor if he "ever suggest[ed] to anyone that [he] thought [the appellant] should be let go, [he] wanted to get rid of him, or anything like that." HT at 77. The second-level supervisor responded in the negative. *Id.*

Hearsay evidence, like that of the appellant's witness recounting the second-level supervisor's alleged statement about getting rid of the appellant, is admissible in Board proceedings. *Smith v. Department of the Army*, 2022 MSPB 4, ¶ 32. That said, the agency is correct that the individual who reportedly heard the statement at issue and relayed it to the testifying witness was, herself, identified and then withdrawn as a witness for the appellant. IAF, Tab 33 at 10, Tab 35 at 9. In other words, the appellant initially intended to place a witness under oath for purposes of eliciting their first-hand account of the second-level supervisor's statement in the managers' meeting, but the appellant chose to forgo placing that individual under oath and instead elicited hearsay testimony about the statement through a different witness. Although the administrative judge cited the appropriate standards for analyzing both credibility and hearsay, it is not apparent whether the administrative judge considered these factors while considering this hearsay testimony. ID at 13 n.9, 14; *see Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (setting forth factors to resolve credibility issues); *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 87 (1981) (setting forth the factors that affect the weight afforded hearsay evidence).

We also note that, while the administrative judge found it likely that the statement about getting rid of the appellant occurred in the presence of the appellant's first-level supervisor, the hearsay testimony does not assert the same. HT at 225-26. In fact, the hearsay testimony does not clearly indicate when the managers' meeting and alleged statement occurred. *Id.* The agency asserts that the appellant's first-level supervisor could not have been at the meeting in question, given its timing. PFR File, Tab 1 at 7, 15-16 (citing HT at 58, 87, 226).

Without further elaboration from the agency, we are unable to confirm this based on the hearing testimony cited. But one possible interpretation of the hearing testimony is that the witness was suggesting the statement occurred several years ago, when the individual who is now the appellant's second-level supervisor was his first-level supervisor and the individual who is now the appellant's first-level supervisor was not yet a manager. HT at 226. In any event, the agency's broader point is well taken. On remand, the administrative judge should analyze the witness's claim anew, accounting for the fact that the appellant chose to withdraw the witness with a first-hand account and relied only on this witness and their second-hand account of the disputed statement. If the administrative judge finds the hearsay credible, he should make reasoned findings about whether the appellant's first-level supervisor was in attendance.

The agency's final argument is that, even if the appellant did prove that age was a motivating factor in the 21-day suspension, the agency proved that it would have taken the same action in the absence of that discriminatory motive. PFR File, Tab 1 at 18-19. The agency effectively argues that there was ample evidence of the legitimacy underlying the suspension, which the administrative judge did not consider. *Id.*

As described above, the administrative judge's analysis of the but-for causation standard in this appeal consisted of his stating that the agency "neither claimed nor produced evidence" that it would have taken the same suspension in the absence of the discriminatory motive. ID at 16. However, the administrative judge provided no further analysis. And therein lies the problem.

The agency argued that age was not a motivating factor in the suspension action. *E.g.*, IAF, Tab 31 at 8; HT at 244-45. By implication, this amounts to an argument that there was also no but-for causation. *See Williams v. Department of Commerce*, 2024 MSPB 8, ¶ 17 n.7 (recognizing that an individual's failure to prove motivating factor necessarily means they failed to prove but-for causation). Plus, while we do not opine on whether age was a but-for cause of the suspension

at this time, we do note that the record contains evidence relevant to that question.  To illustrate with just a couple examples, there was hearing testimony about how the suspension was consistent with penalties imposed on other FAA employees, HT at 145, how the sustained misconduct was in many ways unprecedented and concerning, HT at 48-49, 69, 94, how the appellant's first-level supervisor had historically trusted the appellant's work but lost that trust after the misconduct, HT at 104-05, 107-08, 143-44, how the misconduct led to him more closely supervising the appellant, HT at 148, and how he relied on the advice of a human resources official in deciding how to handle the situation, HT at 138-39.  For these reasons, we disagree with the administrative judge's conclusion that the agency "neither claimed nor produced evidence" relevant to the but-for causation standard and age discrimination.

As the hearing officer, an administrative judge is in the best position to make factual findings and credibility determinations.  *Turner v. Department of Agriculture*, 2023 MSPB 25, ¶ 19.  Accordingly, we find it appropriate to remand this appeal for further analysis, including additional credibility findings pertaining to the appellant's age discrimination claim.[5]

---

[5] The administrative judge found, for example, that the second-level supervisor was credible in some respects, involving the charges, and not credible in others, involving the agist remarks.  ID at 4, 12-13.  Conversely, he found that the appellant was credible regarding the agist remarks, ID at 12-13, and not credible regarding the charges, ID at 3-4.  However, the administrative judge did not make detailed credibility findings relevant to the but-for causation standard.  He did not, for example, determine whether witnesses were credible in their description of the appellant's misconduct as unprecedented, concerning, and causing a loss of trust in the appellant's ability to work independently.

If the administrative judge who oversaw the proceedings below and issued the initial decision is available to handle this case on remand, he may decide whether a supplemental hearing is necessary.  If, however, a different administrative judge is assigned to the remand proceedings, they should afford the parties a supplemental hearing. *See generally Lin v. Department of the Air Force*, 2023 MSPB 2, ¶ 24 (stating that when there is conflicting testimony on a material issue, and a new administrative judge will decide the case, the testimony should be heard again to permit her to make credibility determinations based on witness demeanor).

In a remand initial decision, the administrative judge should incorporate prior findings regarding the agency proving 3 of its 4 charges and the appellant not establishing disability discrimination or whistleblower reprisal. However, he must analyze the appellant's age discrimination claim anew.

The administrative judge must first reevaluate whether age was a motivating factor in the agency's suspension action. This analysis should address our discussions from above about the FAA using the same official as both proposing and deciding official, the hearsay evidence about the managers' meeting, and whether the appellant's first-level supervisor attended that meeting. If the administrative judge finds that age was a motivating factor in the appellant's suspension, he should reevaluate whether age was a but-for cause of the same. If the administrative judge finds that age was not a but-for cause of the suspension, his remand initial decision must also evaluate in the first instance whether the agency established the requisite nexus and reasonableness of its penalty.

## ORDER

For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.